UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| LERON NMN WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-994 |
| ) | |
| COMMISSIONER OF ) | Honorable Phillip J. Green |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM OPINION**

This is a social security action brought under 42 U.S.C. § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security, finding that plaintiff was not entitled to supplemental security income (SSI) benefits. Plaintiff filed his application for benefits on October 1, 2015. He alleged a March 1, 2012, onset of disability. (ECF No. 7-5, PageID.222). Plaintiff's claim was denied on initial review. (ECF No. 7-4, PageID.126-29). On August 21, 2017, he received a hearing before an ALJ. (ECF No. 7-2, PageID.50-82). The ALJ issued his decision on December 28, 2017, finding that plaintiff was not disabled. (Op., ECF No. 7-2, PageID.35-46). On August 1, 2018, the Appeals Council denied review (ECF No. 7-2, PageID.21-23), rendering the ALJ's decision the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

> I. The ALJ failed to properly consider plaintiff's combined impairments.
>
> II. The ALJ failed to adequately consider a treating source's opinion and applied an incorrect legal standard.

(Plf. Brief, 3, ECF No. 10, PageID.428). For the reasons stated herein, the Commissioner's decision will be affirmed.

### **Standard of Review**

When reviewing the grant or denial of social security benefits, this Court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing

court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## **The ALJ's Decision**

The ALJ found that plaintiff had not engaged in substantial gainful activity since October 1, 2015, the application date. (Op., 3, ECF No. 7-2, PageID.37). Plaintiff had the following severe impairments: "[d]epression [and] degenerative disc disease with neural foraminal stenosis." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment. (*Id.* at 4, PageID.38). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of sedentary work with the following exceptions:

> He can sit for six hours, alternate to standing up for 15 minutes, after every 15 minutes of sitting, stand for two hours, alternate to sitting for up to 15 minutes, after every 15 minutes of standing, walking for two hours. He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can never work at unprotected heights, around moving mechanical parts, or in vibration. He is limited to performing simple, routine tasks and making simple work-related decisions.

(*Id.* at 6, PageID.40).

The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.* at 7, PageID.41). Plaintiff did not have past relevant work. (*Id.* at 11, PageID.45).

The ALJ considered the testimony of a vocational expert. In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the vocational expert testified that there were approximately

46,000 jobs that exist in the national economy that he would be capable of performing. (ECF No. 7-2, PageID.77-79). The ALJ found that this constituted a significant number of jobs, and that plaintiff was not disabled. (Op., 11-12, PageID.45-46).

## Discussion

**1.**

Plaintiff argues that the Commissioner's decision should be overturned because the ALJ failed to properly consider his combined impairments. (Plf. Brief, 8-11, ECF No. 10, PageID.433-36; Reply Brief, 1-3, ECF No. 12, PageID.459-61).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 416.927(d)(2); *see Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012). If the record contains "conflicting evidence that would suggest further limitations, under the substantial evidence standard, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Id.*

The ALJ considered all plaintiff's impairments, including his non-severe impairments and the combined effects of plaintiff's impairments, in making his factual finding regarding plaintiff's RFC. (Op., 7, PageID.41) ("As required by SSR 96-8p, the residual functional capacity has been assessed based on all the evidence with consideration of the limitations and restrictions imposed by the combined effects of all the claimant's medically determinable impairments."). The ALJ's opinion

documents his consideration of the entire record and plaintiff's combination of impairments. (*Id.* at 3, 5-7, PageID.37, 39-41). "To require a more elaborate articulation of the ALJ's thought processes would not be reasonable." *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).

Plaintiff "suspect[s] that [his] mental impairments are more severe than reflected in the ALJ's RFC assessment." (Plf. Brief, 9, PageID.434). But he concedes that the record contains no substantial evidence to rebut the conclusion that simple work will account for the attention deficits [he] suffers." (*Id.*). Plaintiff bears the ultimate burden of producing sufficient evidence to show that he is disabled. *See Casey v. Secretary of Health & Human Servs.,* 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Montecalvo v. Commissioner*, 695 F. App'x 124, 127 (6th Cir. 2017) (The plaintiff's burden "includes supplying medical evidence that substantiates the claim of disability."). The Court "must work with the record [that it] ha[s]." *Gooch*, 833 F.2d at 592.

Plaintiff argues that the ALJ did not consider his shoulder impairment, ignored clinical findings, and "rendered a medical judgment that normal x-ray results preclude any impairment." (Plf. Brief, 9, PageID.434; Reply Brief, 2-3, PageID.460-61). None of these arguments withstand scrutiny.

The ALJ considered plaintiff's claim that he had the impairment of "bilateral rotator cuff tears." (Op. 4, PageID.38). The ALJ found that "a careful review of the medical record [did] not disclose sufficient objective medical evidence to substantiate [this] medical condition[.]" (*Id.*). The purported impairment was not a medically

determinable impairment because the "the only diagnostic testing in the record [was] a negative left shoulder x-ray." (*Id.*). The ALJ did not base his RFC finding on his own lay medical opinion. *Cf. Griffith v. Commissioner*, 582 F. App'x 555, 562 (6th Cir. 2014) ("As the ALJ properly reviewed and weighed reports to make a legal determination that is supported by substantial evidence, the assertion that the ALJ was 'playing doctor' is unsupported.").

Plaintiff states that the ALJ's RFC finding did not adequately address his spine impairment because he "very nearly" meets the requirements of a listing impairment.[1] (Plf. Brief, 11, PageID.436). The Court finds that plaintiff waived this argument because it is perfunctory, and plaintiff cites no supporting legal authority. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012) (issues raised in a perfunctory manner are deemed waived); *McPherson v. Kelley*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to... put flesh on its bones.") (citation and quotation omitted). Moreover, the issue does not appear in plaintiff's statement of errors. *See Ealy v. Commissioner*, 594 F.3d 504, 513 (6th Cir. 2010); *Toll v. Commissioner*, No. 1:16-cv-705, 2017 WL 1017821, at *3 (W.D.

---

[1] Step three of the sequential analysis determines "whether the [plaintiff's] impairment meets or equals one of the impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1. § 416.920(a)(4)(iii)." *Sanders v. Commissioner*, No. 17-4079, 2018 WL 5099229, at *2 (6th Cir. June 14, 2018). The ALJ found that plaintiff's spine disorder did not meet or medically equal the requirements of listing 1.04. (Op., 5, PageID.39). Plaintiff provides no developed argument that the ALJ's step-three finding is not supported by substantial evidence.

Mich. Mar. 16, 2017) (The Notice that this Court issues in social security cases "caution[s] that failure to include an issue in the Statement of Errors constitutes a waiver of that issue.").

Even assuming the argument was not waived, it does not provide a basis for disturbing the Commissioner's decision. Plaintiff's spine disorders were the reason that the ALJ found that plaintiff was limited to a range of sedentary work rather than light work. (Op., 8-11, PageID.42-45). The Court finds that the ALJ's RFC finding is supported by substantial evidence.

**2.**

Plaintiff argues that the Commissioner's decision should be overturned because the ALJ failed to adequately consider the opinion of Physician's Assistant Donald Taylor and that the ALJ applied an incorrect legal standard. (Plf. Brief, 11-15, ECF No. 10, PageID.436-40).

Plaintiff argues that the ALJ should have considered his claim under the standards applicable to "claims filed on or after March 27, 2017." (Plf. Brief, 13, PageID.438). Plaintiff did not file his claim on or after March 27, 2017. He filed his claim for SSI benefits in 2015. The ALJ did not commit error because the new standards did not apply to plaintiff's claim. *See Smith v. Berryhill*, No. 6:17-cv-2019 WL 1429563, at *5 (E.D. Ky. Mar. 29, 2019); *Bianchetti v. Commissioner*, No. 1:17-cv-155, 2018 WL 3873577, at *9 n.2 (E.D. Tenn. Aug. 15, 2018).

The treating physician rule does not apply to the opinions of physician's assistants because they are not "acceptable medical sources." *See* 20 C.F.R.

-7-

§ 416.913(a), (d)(1). There is no treating physician's assistant rule. The opinions of physician's assistants are not entitled to any particular weight. Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at * 2 (SSA Aug. 9, 2006)). The opinions of physician's assistants fall within the category of information provided by "other sources." *See* 20 C.F.R. § 416.913(d). The social security regulations require that information from other sources be "considered." 2006 WL 2329939, at * 1, 4; *see Forrest v. Commissioner*, No. 1:16-cv-633, 2017 WL 1905867, at *4 (W.D. Mich. May 10, 2017) ("At bottom, SSR 06-03p[2] requires only that information from other sources be 'considered.' "). This is not a demanding standard. It was easily met here.

---

[2] On March 27, 2017, the Administration rescinded SSR 06-03p "for claims filed on or after" that date. Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg.15263-01 (Mar. 27, 2017) (reprinted at 2017 WL 1105348). The Administration noted the ruling was inconsistent with new rules that "state that all medical sources, not just acceptable medical sources, can make evidence that we categorize and consider as medical opinions." *Id.* "Those new rules, however, apply only to claims filed on or after March 27, 2017." *Hancock v. Commissioner*, No. 1:16-cv-1105, 2017 WL 2838237, at *7 n.2 (W.D. Mich. July 3, 2017).

On February 3, 2016, Physician's Assistant Taylor signed an "Affidavit of Attending Physician" stating that plaintiff was "unable to do any type of work[.]" (ECF No. 7-7, PageID.384). The ALJ noted during the hearing that Mr. Taylor's statement failed to provide any specific work- related restrictions and that the issue of disability is reserved to the Commissioner. (ECF No. 7-2, PageID.55-56).

The ALJ found that Mr. Taylor's statement was entitled to little weight. He noted that a physician's assistant is not an acceptable medical source and that Mr. Taylor's opinion was on an issue "reserved to the Commissioner." (Op., 10, PageID.44)

Mr. Taylor's opinion that plaintiff is unable to work is "not a medical opinion as described in the regulations," but rather an "opinion[ ] on issues reserved to the Commissioner,' namely an assessment of the ability to work." *Andres v. Commissioner*, 733 F. App'x 241, 244 (6th Cir 2018) (citations and quotations omitted); *see Quisenberry v. Commissioner*, 757 F. App'x 422, 431 (6th Cir. 2018) ("[N]o special significance will be given to source of an opinion—such as whether a claimant is disabled or unable to work—reserved to the Commissioner[.]"); *Cosma v. Commissioner*, 652 F. App'x 310, 311 (6th Cir. 2016) ("The ALJ reasonably gave no weight to [a physician's] opinion because her conclusion that [plaintiff was] totally disabled is a determination reserved to the Commissioner[.]") (citing 20 C.F.R. § 416.927(d)(1)). The Court finds no basis for disturbing the Commissioner's decision.

## **Conclusion**

For the reasons set forth herein, the Commissioner's decision is affirmed.


Dated: June 11, 2019                             /s/ Phillip J. Green             
                                                             PHILLIP J. GREEN
                                                             United States Magistrate Judge